# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| JOHN J. MANLEY D/B/A CHICAGO MARINE TOWING, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| BOAT/U.S., INC., et al., | ) ) |
| Defendants. | ) ) |

Case No. 13-cv-5551

Judge Robert M. Dow, Jr.

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant U.S. Boat's bill of costs [143]. For the reasons set forth below, the Court grants in part and denies in part Defendant's bill of costs [143].

## I. Background

Plaintiff John Manley sued various entities ("Defendants") for breach of contract and defamation, among other theories. See generally [1]. Following a bench trial, the Court ruled in favor of Defendants [139], and Defendants voluntarily dismissed a counterclaim [140].

Defendant U.S. Boat, Inc. ("Defendant") has filed a bill of costs, seeking $2,664.14. See generally [143]. As is typical in this litigation, Plaintiff has not responded to the bill. See [139 at 4 n.1]. Defendant has also not included any memoranda or written justification along with its bill, but it has, at least, itemized its costs. [139 at 3–4.]

## II. Legal Standard

Federal Rule of Civil Procedure 54(d) provides, in relevant part: "costs—other than attorney's fees—should be allowed to the prevailing party." Federal statute dictates which types of costs are allowable under this rule, including: (1) Fees of the clerk and marshal; (2) Fees for

printed or electronically recorded transcripts necessarily obtained for use in the case; * * * (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case[] * * *."

"[T]he decision whether to award costs ultimately lies within the sound discretion of the district court." *Marx v. General Revenue Corp.*, 568 U.S. 371, 377 (2013). That said, "Rule 54(d)(1) codifies a venerable presumption that prevailing parties are entitled to costs." *Id.*; see also *Contreras v. City of Chicago*, 119 F.3d 1286, 1295 (7th Cir. 1997) ("Although a district court has discretion when awarding costs, the discretion is narrowly confined because of the strong presumption created by Rule 54(d)(1) that the prevailing party will recover costs.") (internal quotation marks and citations omitted). Notwithstanding this strong presumption, the "party seeking an award of costs carries the burden of showing that the requested costs were necessarily incurred and reasonable." *Trustees of Chicago Plastering Inst. Pension Trust v. Cork Plastering Co.*, 570 F.3d 890, 906 (7th Cir. 2009). That is, "[o]nce the prevailing party demonstrates that the particular items of costs should be allowed, the losing party then bears the burden of affirmatively showing that the taxed costs are not appropriate." *Se-Kure Controls, Inc. v. Vanguard Products Group, Inc.*, 873 F. Supp. 2d 939, 944 (N.D. Ill. 2012) (citing *Beamon v. Marshall & Ilsley Trust Co.*, 411 F.3d 854, 864 (7th Cir. 2005). Costs incurred for one's own convenience are not necessary and therefore not recoverable. *E.g.*, *Boogaard v. National Hockey League*, 2017 WL 5517231, *2 (N.D. Ill. Nov. 17, 2017) (citing *Majeske v. City of Chicago*, 218 F.3d 816, 825 (7th Cir. 2000); *Haroco, Inc. v. American Nat. Bank & Trust Co. of Chicago*, 38 F.3d 1429, 1441 (7th Cir. 1994)).

### III. Analysis

Defendants seek four categories of costs—fees of the clerk, fees related to deposing certain witnesses, witness appearance fees, and copying costs. These costs are addressed in turn.

#### A. Pro hac vice fee

Defendant seeks to recover the $50 pro hac vice appearance fee its attorney paid to appear in the Northern District for this litigation. "Fees of the clerk" may generally be taxed. 28 U.S.C. § 1920. The Seventh Circuit has approved of taxing pro hac vice appearance fees as fees of the clerk, but some district courts still refuse to do so. *U.S. v. Emergency Medical Associates of Illinois, Inc.*, 436 F.3d 726, 730 (7th Cir. 2006); *Boogaard*, 2017 WL 5517231 at *1 (reviewing authorities and concluding that pro hac vice fees may be taxed); but see *Oleksy v. General Electric Company*, 2016 WL 7217725, *2 (N.D. Ill. December 12, 2016) (noting that most courts in the Seventh Circuit decline to tax pro hac vice appearance fees); see also *Kalitta Air L.L.C. v. Central Texas Airborne System Inc.*, 741 F.3d 955, 958 (9th Cir. 2013) (providing a rationale for declining to follow *Emergency Medical Associates*). As the Seventh Circuit has approved of the practice and Plaintiff has failed to offer any reason why this appearance fee should not be taxed, the Court concludes that this fee is taxable.

#### B. Deposition costs

Defendant also seeks transcription costs associated with taking four depositions. "Fees for printed or electronically recorded transcripts necessarily obtained for use in the case" are recoverable. Fed. R. Civ. Pro. 54(d)(2). Defendant seeks reimbursement for three 14-day transcripts and one ordinary, 30-day transcript, along with $330 in court reporter appearance costs for one-and-a half days. Plaintiff does not contest these costs.

The "party seeking to 'recover the added cost of expedited transcripts' must 'show that it was reasonable and necessary to order transcripts on an expedited basis.'" *Hacker v. United Airlines*, 2019 WL 2287807, *3 (N.D. Ill. May 29, 2019) (quoting *Se-Kure Controls*, 873 F. Supp. 2d at 945). Defendant has not explained why it needed expedited transcripts for depositions taken over five months before their summary judgment motion was filed in March 2016. The taxable rate for those pages is therefore reduced from $3.95/page to this district's maximum allowable rate of $3.65/page. See U.S. District Court for the Northern District of Illinois, *Transcript Rates*, https://www.ilnd.uscourts.gov/Pages.aspx?rsp2kxYIAI6Z3skP0PESA+q3bXKkfRyo (citing Local Rule 54.1). Thus, these costs are reduced by $0.30 * (206 pages + 59 pages + 52 pages)= $95.10. The court reporter's attendance fees may be awarded in addition to the per page limit. *Id.* Defendant has not asked for more than $220 for a full day and $110 for a half day, which is what this district allows. Thus, besides the $0.30 per page adjustment, all other costs associated with taking depositions are taxable.

C. **Witness Fees**

Defendant also seeks witness attendance fees pursuant to 28 U.S.C. § 1821. Federal statute allows $40 per day, along with mileage. *Id.*; see also *First Midwest Bank v. City of Chicago*, 337 F. Supp. 3d 749, 784 (N.D. Ill. 2018). Plaintiff fails to dispute these costs. Nonetheless, some of Defendants' transportation costs are duplicative—the Lochers were traveling from the same place and both sought mileage. Defendant has not shown why it was necessary to award mileage for both Lochers, who were presumably using the same car and travelling together. As such, the witness fees are allowed, less $54.24 for one of the Lochers' mileage costs.

4

### D. Printing costs

Defendants may obtain reimbursement for "[f]ees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case." 28 U.S.C. § 1920. The Court has regularly concluded that photocopying charges for discovery and court copies are recoverable, but charges for copies made for attorney convenience are not. *E.g.*, *Rodriguez v. City of Chicago*, 2019 WL 5184079, *2 (N.D. Ill. Oct. 15, 2019) (quoting *Kulumani v. Blue Cross Blue Shield Ass'n*, 224 F.3d 681, 685 (7th Cir.2000); *McIlveen v. Stone Container Corp.*, 910 F.2d 1581, 1584 (7th Cir.1990)); accord *Pouncy v. City of Chicago*, 2017 WL 8205488, *12 (N.D. Ill. Dec. 11, 2017) (same); *Hakim v. Accenture U.S. Pension Plan*, 901 F. Supp. 2d 1045, 1057 (N.D. Ill. 2012) (same). The prevailing party must provide sufficient detail such that the Court can discern whether the costs were reasonable and necessary—extensive documentation beyond that is not necessary. See *Se-Kure Controls*, 873 F. Supp. 2d at 947 (citing *Northbrook Excess and Surplus Ins. Co. v. Procter & Gamble Co.*, 924 F.2d 633, 643 (7th Cir. 1991).

Here, Defendant seeks printing costs associated with copying "deposition transcripts for use at trial"; "Plaintiff's trial exhibits for use at trial"; and "Defendant's trial exhibits for use at trial." [143 at 3.] However, because these copying costs are unsupported by any justification or documentation and do not obviously fall under the accepted rationales of tendering courtesy copies or hard copies of discovery, they are not taxable to Plaintiff.

## IV. Conclusion

For the foregoing reasons, the Court awards costs to Defendant in the sum of $2,030.48.

Dated: October 24, 2019

_____
Robert M. Dow, Jr.
United States District Judge

5